IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

STONEY GLENN,

    Plaintiff,

v.                                                 CASE NO. 4:12-cv-556-SPM-GRJ

DAREN SHIPPY and
JAMES HANKINSON,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 1, Plaintiff's *pro se* complaint filed on the court's form for civil rights complaints under 42 U.S.C. § 1983. For the reasons discussed below it is **RECOMMENDED** that Petitioner's suit be **DISMISSED** under Younger v. Harris.

Plaintiff states that he is incarcerated at the Leon County Jail, and has been deprived of due process and subjected to cruel and unusual punishment because he was denied bond in April 2012, and has not had an opportunity for a bond hearing since that date. Plaintiff purports to bring claims against Daren Shippy, his attorney, whom he claims refuses to seek bond in his case; and against Judge James C. Hankinson, whom he claims has failed to set a bond hearing at Plaintiff's request. To the extent Plaintiff wishes to file a § 1983 suit or a habeas petition,[1] this Court must abstain from

---

[1]To the extent Plaintiff wishes to file a habeas petition, it would be treated as a petition under 28 U.S.C. § 2241, as Plaintiff was not in custody pursuant to the judgment of a Florida state court when he filed the petition. Hiteshaw v. Butterfield, 262 Fed. Appx. 162, 164 (11th Cir. 2008) (*per curiam*) (The petitioner, "as a pre-trial detainee, [wa]s not in custody pursuant to any state court judgment, and his habeas

passing on claims pursuant to the Younger v. Harris abstention doctrine. 401 U.S. 37 (1971). "Under Younger v. Harris and its progeny, federal district courts must refrain from enjoining pending state court proceedings except under special circumstances." Old Republic Union Ins. Co. v. Tillis Trucking Co., Inc., 124 F.3d 1258, 1261 (11th Cir. 1997). "The policy of equitable restraint expressed in [Younger] . . . is founded on the premise that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." Hughes v. Att'y Gen. of Florida, 377 F.3d 1258, 1264 n. 7 (11th Cir. 2004). The exceptions to Younger are very narrow and apply only if: there is evidence of state proceedings motivated by bad faith, irreparable injury would occur, or there is no adequate alternative state forum where the petitioner's constitutional issues can be raised. Id. at 1263 n.6. None of the Younger exceptions apply in this case. Plaintiff has an adequate opportunity to advance his Due Process and Eighth Amendment claims as to the legality of his pre-trial detention in the state court criminal proceedings.

Furthermore, Plaintiff is suing Judge Hankinson, a state court judge, for damages. It is well-settled law that judges are "entitled to absolute judicial immunity from damages for those acts taken while acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." Bolin v. Story, 225 F. 3d 1234, 1239 (11th Cir. 2000) (internal citations omitted). Absolute judicial immunity applies to all of a judge's judicial actions, even if "the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." Id. Plaintiff's claims against Judge Hankinson should therefore be dismissed on the basis of judicial immunity.

---

petition should have been treated as a § 2241 petition.").

For the foregoing reasons, it is respectfully **RECOMMENDED** that

(1) Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2), should be **GRANTED** for the limited purpose of screening the complaint.

(2) Plaintiff's complaint (Doc. 1) should be **DISMISSED** pursuant to Younger v. Harris.

**IN CHAMBERS** in Gainesville, Florida, this 24th day of October 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**
**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within *14 days* after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**